IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cornelius Keith, #115876,<br><br>       Petitioner,<br><br>vs.<br><br>Robert Stevenson, Warden Broad River,<br><br>       Respondent. | C/A No. 4:09-1865-MBS<br><br>**ORDER AND OPINION** |

  Petitioner Cornelius Keith is an inmate in custody of the South Carolina Department of Corrections who currently is housed at the Broad River Correctional Institution in Columbia, South Carolina. On July 16, 2009, Petitioner, proceeding pro se, filed the within petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is being confined unlawfully.

  This matter is before the court on motion for summary judgment filed by Respondent on October 8, 2010. By order filed October 9, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. Petitioner filed a response in opposition to Respondent's motion on November 6, 2009.

  In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers III for pretrial handling. On July 22, 2010, the Magistrate Judge issued a Report and Recommendation in which he recommended that Respondent's motion for summary judgment be granted. Petitioner filed objections to the Report and Recommendation on August 6, 2010.

  The Magistrate Judge makes only a recommendation to this court. The recommendation has

no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

I. FACTS

The facts recited in the Report and Recommendation are culled from an unpublished opinion issued by the South Carolina Court of Appeals, State v. Keith, Op. No. 2006-UP-301 (S.C. Ct. App. June 30, 2006). Briefly, the victim in the underlying case testified that she received a call three days after her husband's death by a man who identified himself as "Mr. Pinckney." The caller convinced the victim that he had known her husband and that he wanted to provide her some monies for her financial support. Test. of Victim 59-60, ECF 14-1. The victim traveled to an apartment complex where she met Petitioner. Id. at 62. The victim testified that Petitioner became very excitable and kept moving from room to room while asking her questions about people in the community. Id. at 65. The victim noticed plastic on the floor and teddy bears everywhere, which unnerved her. Id. at 68-69. Petitioner slipped behind her and closed and locked a door near to where she was sitting. Id. at 70-71. The victim realized something was wrong and she "bolted" for the door. Id. at 71. She then reported the incident to the police department. Id. at 73. Eventually the victim picked Petitioner out of a photographic line up. Id. at 74; Test of Angela Wilson Rabon 216, ECF No. 14-2.: Test. of Letitia Irene Culick 56, ECF No. 14-2. Petitioner thereafter was arrested at his residence. Test. of Wilson 217; Test of Culick 235.

2

The same evening a search warrant was executed on Petitioner's residence. Law enforcement found notes that contained information regarding deceased persons and their families, including addresses and telephone numbers. Test of Wilson 220. A newspaper containing the obituary of the victim's husband was located in a trash can. Test. of Culick 240-41.

Petitioner was indicted on February 19, 2004 for kidnaping in violation of S.C. Code Ann. § 16-3-910, which provides:

> Whoever shall unlawfully seize, confine, inveigle, decoy, kidnap, abduct or carry away any other person by any means whatsoever without authority of law, except when a minor is seized or taken by his parent, is guilty of a felony and, upon conviction, must be imprisoned for a period not to exceed thirty years unless sentenced for murder as provided in Section 16-3-20.

Petitioner was tried before a jury on April 27 and 28, 2004. Petitioner was represented by Arthur Wilder, Public Defender for Sumter County, South Carolina. Present as witnesses for the state were five other women who had received similar telephone calls from a "Mr. Pinckney" shortly after the deaths of their spouses. Trial counsel objected to the admission of the testimony under S.C. R. Evid. 403 (providing that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ") and S.C. R. Evid. 404(b) (providing that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible to show motive, identity, the existence of a common scheme or plan, the absence of mistake or accident, or intent"). The trial judge allowed the solicitor to proffer the testimony of the five witnesses to show common scheme or plan. The solicitor also proffered the testimony of one of the investigating officers to show absence of mistake and intent. Trial Test. 105-27, ECF No. 14-1.

The solicitor also offered into evidence nine spiral notebooks that had been found in dresser drawers at Petitioner's home. The notebooks contained names of decedents, their family members, and identifying information, such as telephone numbers and addresses. Trial counsel moved to suppress the evidence as outside of the scope of the search warrant. Officer Rabon testified that she and Officer Culick opened drawers in Petitioner's residence in order to search for obituaries, and the notebooks, along with pages torn out, were in plain view she they opened the drawers. Rabon Test. 126-30, ECF No. 14-1.

After review of the applicable law, the trial judge denied the motion to suppress the notebooks. He found that

> the law does allow [law enforcement] to look into the places where they would expect the items which are listed in the search warrant to be found. And that by . . . if they uncover something else in that process then that is permissible. I think that for example if what they were searching for was a shotgun and they were looking in desk drawers then you would have a problem. But the fact that they did have the right to look for obituaries and were looking in the drawer for obituaries I think it was within the parameters of the search warrant.

Trial Trans. 189, ECF No. 14-2.

With respect to the motion to exclude the witness testimony under Rule 404(b), the trial judge, relying on State v. Cutro, 504 S.E.2d 324 (S.C. 1998); State v. Wilson, 545 S.E.2d 827 (S.C. 2001); State v. Bell, 393 S.E.2d 364 (S.C. 1990); State v. Parker, 433 S.E.2d 831 (S.C. 1993); and State v. Hall, 279 S.E.2d 115 (N.C. Ct. App. 1981), prepared a spreadsheet to show the similarities between the acts testified to by the proffered witnesses and the actual act for which Petitioner was charged. The spreadsheet reflected the date the witness was called, the death of a loved one being the reason for the call, the name of the caller, the reason given for the call by the caller, and whether there was a meeting. Trial Trans. 192, ECF No. 14-2. The trial judge determined that the testimony

4

of two of the proffered witnesses, Shirley Sims-Smith and Cynthia Robinson, was sufficiently similar to the conduct charged and was shown by clear and convincing evidence to be admissible under Rule 404(b). Id. at 193. In addition, the trial judge overruled defense counsel's Rule 403 objections as to the handwritten notes and obituaries, finding that they constituted circumstantial evidence that Petitioner obtained names of victims through obituaries. Id. at 198.

Shirley Sims-Smith testified that her husband died on June 30, 2002, a Sunday. Sims-Smith Test. 270, ECF No. 14-2. On or about the following Tuesday, a person identifying himself as Mr. Pinckney called and said he was sorry to hear that her husband had died. Mr. Pinckney offered to help Sims-Smith financially if she would meet him at a certain location. Id. at 270-71. She refused. The caller continued to telephone her, stating that he would provide her a check if she would meet him. The caller stated that he had a special account that he used to provide money to widows. Id. at 271-73. Sims-Smith never met the caller and never received any monies from him. Id. at 273. Cynthia Robinson testified that her husband died on June 14, 2002. Shortly thereafter, prior to the funeral, an individual identifying himself as Bill Pinckney's nephew called and stated that he had a check for her from a Masonry Lodge. Richardson Test. 275-76, ECF No. 14-2. The caller repeatedly asked Robinson to meet him to collect the check. Id. at 276-77. Robinson did not meet with the caller and never received any monies from him. Both witnesses identified exhibits comprised of death notices and pieces of paper on which their names and telephone numbers appeared. See Trial Trans. 272-73, 277-78, ECF No. 14-2.

After the solicitor rested her case, the trial judge heard Petitioner's motion for directed verdict. The trial judge concluded that

> there is evidence in the record that would meet the elements of kidnaping. Under

> South Carolina [law] there is no common law kidnaping. It is only a statutory offense and the case law as I have read it does allow or does permit kidnaping by decoy or inveiglement and that is obviously what the state's theory is in this case and does not necessarily require or does not require confinement and is just . . . inveiglement and I've got some definitions for that that I will use at the appropriate time in charging the jury. . . . [T]he motion for directed verdict is respectfully denied.

Trial Trans. 293, ECF No. 14-2.

At the close of the evidence, the trial judge charged the jury, among other things:

> Now, as I said, the defendant in this indictment is charged with the offense of kidnaping. South Carolina Code Section 16-3-910 provides that whoever shall knowingly seize, confine, inveigle, decoy, kidnap, abduct, or carry away any other person by means whatsoever without authority of law is guilty of kidnaping. Thus the state must prove beyond a reasonable doubt that the defendant knowingly and unlawfully seized, confined, inveigled, decoyed, kidnaped, abducted or carried away another person without authority of law. To do a thing unlawfully is to do it willfully against the law. Knowingly means knowledge, consciously, not accidentally. Seize means to take hold of or suddenly or forcefully . . . to take hold of suddenly or forcefully. Confine means to limit, restrict or enclose within bounds, imprison or shut or keep in. Inveigle means to lure, entice or astray . . . or lead astray by false representations, promises or other deceitful means. Decoy means to lure or as if by decoy. A decoy is . . . decoys is something to entice a person into a trap. The definition of decoy is to lure successfully. Inveigle means to lure, entice, or lead astray by false representations or other deceitful means. Inveigle has also been defined a enticing, cajoling, or tempting the victim usually through some deceitful means such as false promises. Kidnap is to remove a person against his will by unlawful force or by fraud, abduct means to carry off secretly or by force for an illegal purpose. Carry away means to remove. The state does not have to prove that the defendant did all of these things. Instead if you find beyond a reasonable doubt that the defendant did any of these things you may find the defendant guilty of kidnaping. Something done without authority of law is something which the law does not sanction, permit, allow, condone, or provide justification for. A kidnaping does not have to be for any personal or monetary gain or any illegal purpose but may be for any reason whatsoever.

Trial Trans. 347-49, ECF No. 14-3.

The jury found Petitioner to be guilty of kidnaping on April 28, 2004. The trial judge sentenced Petitioner to ten years incarceration.

Petitioner filed a notice of appeal on April 29, 2004. ECF No. 14-6. Petitioner raised the following issues:

> The complaining witness voluntarily came to appellant's house. There was no direct evidence or substantial circumstantial evidence appellant did anything illegal in this case or that he kidnapped [*sic*] the complaining witness as envisioned by S.C. Code § 16-3-910.
>
> The court erred by admitting the testimony of Cynthia Richardson and Shirley smith that a man who identified himself as "Mr. Pinckney" called them and stated he had a check for them after their husband's [*sic*] died. The evidence was not admissible under either *State v. Lyle* or Rule 404(b), SCRE, since it was not sufficiently similar to constitute a common scheme or plan or lack of absence of mistake or accident, or intent. Further, neither witness ever met the man, and the evidence, and the seized corroborating evidence from appellant's home should have been excluded under Rule 403, SCRE even if it was otherwise admissible.

Final Brief of App. 2. ECF No. 14-7.

On June 30, 2006, the South Carolina Court of Appeals affirmed the conviction. ECF No. 14-9. With respect to the Rule 404(b) motion to exclude witness testimony, the court of appeals determined that the trial judge "effectively illustrated the connection between the phone calls in terms of the time of the call, the identity of the caller, the reason for the call, and the request for a meeting." Id. The court of appeals found the evidence provided a sufficient connection between the prior bad acts and the current crime and circumstantially tended to prove a common plan or scheme. Id. The court of appeals concluded that, under the "any evidence" standard set forth in State v. Wilson, 545 S.E.2d 827, 829 (S.C. 2001), the trial judge's admission of the testimony regarding prior bad acts would not be disturbed on appeal.

With respect to the Rule 403 objection to the testimony of Richardson and Sims-Smith and the notebooks found in Petitioner's home, the court of appeals found the evidence to be probative and that no exceptional circumstances existed to reverse the trial judge's admission of the testimony

7

or notebook. Therefore the court of appeals affirmed the trial judge's ruling on this issue. Id. Remittitur was issued on January 31, 2007. ECF No. 14-13.

Petitioner filed an application for post-conviction relief (PCR) in state court on February 26, 2007. ECF No. 14-3. Petitioner raised the following grounds for relief:

> Ground one. Ineffective assistance of counsel. Counsel did not move for a directed verdict of acquittal because the state had not proved Petitioner did anything illegal in this case. Counsel did not investigate the details of the arrest and the search of Petitioner's home after his arrest. Counsel did not put the state's case through the adversarial testing process.
>
> Ground two. The trial judge erred in not directing a verdict in favor of Petitioner. There was no direct or circumstantial evidence that Petitioner did anything illegal by having the witness come to his home to meet him; he never touched the complaining witness, who voluntarily came to his home, or told her she was not free to leave.
>
> Ground three. The trial judge erred by not instructing the jury on the lesser-included offense. Petitioner asserted that the victim insisted on coming to his house with the hopes of securing money, and thus she was "not inveigled or decoyed or anything whatsoever."
>
> Ground four. The trial judge erred in not advising Petitioner that his sentence included two years of supervised release and the consequences of violating supervision.

See generally Application for PCR, Attachment 1-6.

On December 13, 2007, a hearing was held before the Honorable George C. James on Petitioner's PCR application. Hearing Transcript, ECF No. 14-3. Petitioner was represented by David F. Sullivan, Esquire. Petitioner testified that he wanted to plead guilty but that trial counsel wanted him to go to trial. Id. at 5. Petitioner testified that trial counsel would not allow Petitioner's witnesses to testify, and that he refused to allow Petitioner to testify. Id. at 6. Petitioner contended that his apartment was searched without a warrant. Id. at 8. Petitioner conceded that there was no lesser offense available for which the trial judge could have instructed the jury. Id. Petitioner also

8

testified that he was never informed that he would serve a period of supervised release after incarceration. Id. at 9.

Trial counsel testified that he reviewed the crime of kidnaping with Petitioner. Trial counsel stated that the defense was that the actions Petitioner had committed did not rise to the level of the definition of kidnaping. Id. at 11. Trial counsel testified that he reviewed discovery with Petitioner. Id. Trial counsel attested that he discussed with Petitioner the right to testify and agreed that the trial judge queried Petitioner on this subject. Id. at 11-12. Trial counsel testified that Petitioner had a prior record, so that putting him on the stand would have been problematic. Id. at 13. Trial counsel produced a letter from Petitioner in which Petitioner demanded to go to trial. Id. at 12. Trial counsel testified that he contacted several of the witnesses mentioned by Petitioner, and some he decided not to call to testify because he did not feel that they would have been useful to Petitioner. Id. at 12-13. Trial counsel also noted that, contrary to Petitioner's contention, the apartment was searched pursuant to a search warrant; however, he challenged the manner in which the search was conducted. Id. at 14.

The PCR judge issued an Order of Dismissal With Prejudice on January 23, 2008. ECF No. 14-3. The PCR judge found trial counsel to credible. Id. at 4. The PCR judge determined that trial counsel had properly investigated and prepared Petitioner's case, and that it was Petitioner's decision to proceed to trial. The PCR judge determined that Petitioner had been adequately advised of his right to testify. Id. The PCR judge also determined that trial counsel's decision regarding which witnesses to call was a matter of trial strategy and that trial counsel had articulated a valid strategic reason for his actions. Id. (citing Roseboro v. State, 454 S.E.2d 312 (S.C. 1996)). The trial judge further determined that trial counsel had challenged the search of Petitioner's apartment. Id. at 5.

The trial judge determined that Petitioner had shown neither deficient performance nor prejudice as required by Strickland v. Washington, 466 U.S. 668 (1984). Id. Therefore the PCR judge denied relief pursuant to Ground One of Petitioner's PCR application.

The PCR judge further determined that Petitioner's claims of error by the trial judge were procedurally barred because they were not raised on direct appeal. Id. at 5 (citing S.C. Code Ann. § 17-27-20(b), Simmons v. State, 215 S.E.2d 883 (S.C. 1974)). With respect to the supervised release allegation, the PCR judge noted that trial counsel had no duty to advise Petitioner that supervised release was part of his sentence. Id. (citing Jackson v. State, 562 S.E.2d 475 (S.C. 2002)).[1]

Petitioner appealed the PCR judge's ruling on January 29, 2008. ECF No. 14-16. Counsel for Petitioner filed a Johnson[2] Petition for Writ of Certiorari on or about November 13, 2008. ECF No. 14-17. Counsel raised the following issue for appellate review:

> Was trial counsel ineffective for failing to as the trial court judge to reconsider Petitioner's sentence of ten (10) years incarceration in a kidnaping [*sic*] case, when the victim was never held against her will, and was always free to leave the premises?

The South Carolina Supreme Court denied the petition by order dated April 10, 2009. ECF No. 14-18. Remittitur was issued April 29, 2009. ECF No. 14-19.

## II. DISCUSSION

The petition is governed by the provisions of 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act (AEDPA), which became effective on April 24,

---

[1] The PCR judge noted that at the hearing Petitioner abandoned his claim regarding the trial judge's duty charge a lesser-included offense.

[2] Johnson v. State, 364 S.E.2d 201 (S.C. 1988).

1996. Under § 2254(a), the court must entertain an application for a writ of habeas corpus on behalf of a person in state custody in violation of the Constitution or laws or treaties of the United States. A § 2254 petition filed by a person in state custody

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> Further, a § 2254 petition filed by a person in state custody
>
> shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(I) there is an absence of available State corrective process; or
>
>   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

Petitioner now raises the following issues for federal habeas review:

Ground one. The trial court erred in admitting evidence of prior bad acts in violation of Rules 403 and 404(b) SCRE.

Ground Two: The trial court erred in denying [Petitioner's] motion for a directed verdict because [Petitioner] did not committ [*sic*] any illegal act.

Ground Three: Trial counsel was ineffective for failing to ask the trial court judge to reconsider his sentence of 10 years.

> Ground Four: Trial court erred in admitting evidence of notebook because it exceeding [*sic*] the scope of the search warrant.

Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus 6, 7, 9, 11, ECF No. 1.

A.    Ground One - Testimony of Prior Bad Acts

The Magistrate Judge determined that Ground One is not subject to federal habeas review because Petitioner failed to allege a constitutional deprivation. The Magistrate Judge noted that the issue raised a question of state law, that being whether the testimony of Sims-Smith and Richardson was admitted in violation of Rules 403 and 404(b) of the South Carolina Rules of Evidence. The Magistrate Judge further noted that a state court's decision on a question of state law is binding on the federal court. See Estelle v. McGuire, 502 U.S. 62, 67-69 (1991).

Petitioner asserts in his objections to the Report and Recommendation that the admission of the testimony was a direct violation of his Fourteenth Amendment right to due process, and thus is cognizable on federal habeas review. The court disagrees. When a petitioner's claim rests solely upon an interpretation of state case law and statutes, it is not cognizable on federal habeas review. Weeks v. Angelone, 176 F.3d 249, 262 (4th Cir. 1999) (citing Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.")). State court trial rulings regarding the admission and exclusion of evidence are cognizable in federal habeas corpus review only to the extent that they violate specific constitutional provisions or are so egregious as to render the entire trial fundamentally unfair, thereby violating the Due Process Clause of the Fourteenth Amendment. Howard v. Moore, 131 F.3d 399, 415 (4th Cir. 1997)(citing Estelle v. McGuire,

502 U.S. 62, 67-68 (1991)).

As an initial matter, the court notes that Petitioner has not previously raised the due process issue to the state courts. Petitioner's claim, as framed as a due process issue, is procedurally defaulted. See Smith v. Murray, 477 U.S. 527, 533 (1986). Even if the court were to address Petitioner's claim, the court discerns no foundation in the record to support a claim that the trial judge's rulings rendered Petitioner's trial fundamentally unfair. Petitioner's objection is without merit.

B.  Ground Two - Absence of Illegal Acts

The Magistrate Judge noted that Petitioner's contention that the trial judge erred in refusing to grant a directed verdict goes to the sufficiency of the evidence. The Magistrate Judge further noted that "[f]ederal review of the sufficiency of the evidence to support a state conviction is not meant to consider anew the jury's guilt determination or to replace the state's system of direct appellate review." Wilson v. Greene, 155 F.3d 396, 405-06 (4th Cir. 1998)(citing Wright v. West, 505 U.S. 277, 292 (1992)). The Magistrate Judge noted that Petitioner is entitled to relief only if no rational trier of fact could have found proof of guilt beyond a reasonable doubt. See id. at 406 (quoting Jackson v Virginia, 443 U.S. 307, 324 (4th Cir 1979)). The Magistrate Judge determined that a rational trier of fact could have found Petitioner guilty based upon the evidence presented at trial. The Magistrate Judge noted that there was testimony that Petitioner lured the victim to his apartment under false pretenses and using a false name, and then closed and locked the door once she was inside. The Magistrate Judge determined that the testimony of Richardson and Sims-Smith and the notebooks found in Petitioner's apartment supporting a finding that Petitioner knew he was inveigling or

13

decoying the victim.

Petitioner contends in his objections to the Report and Recommendation that there was no evidence that he "inveigled" the victim. Petitioner asserts that the state never presented any evidence that he was being deceitful or that he did not intend to give the victim money. Petitioner contends that the victim was not harmed or restrained. Petitioner asserts that the outcome of trial would have been different had the trial judge not allowed the introduction of "tainted" evidence.

As the Magistrate Judge properly noted, the court's review is "sharply limited." Wilson, 155 F.3d at 405. Viewing the evidence in a light most favorable to the State, State v. Kelsey, 502 S.E.2d 63, 69 (1998), there was sufficient circumstantial evidence that Petitioner lured the victim to his home with the promise of financial assistance. Moreover, there was evidence that Petitioner sought victims through obituaries and that he ingratiated himself by claiming to know the decedents. The court of appeals' determination that the trial judge did not err in denying Petitioner's motion for directed verdict was neither a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; nor a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Petitioner's objection is without merit.

C. <u>Grounds Three and Four</u>

The Magistrate Judge determined that Grounds Three and Four are procedurally defaulted. Petitioner does not object to the Magistrate Judge's findings. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only

satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). The court has carefully reviewed the record and concurs in the Magistrate Judge's determination that Grounds Three and Four are procedurally barred.

### III. CONCLUSION

The court adopts the Report and Recommendation and incorporates it herein by reference. For the reasons stated, Respondent's motion for summary judgment (ECF No. 13) is **granted** and Petitioner's petition for a writ of habeas corpus is **denied** and dismissed, with prejudice.

### IV. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases, as effective December 1, 2009, provides that the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Petitioner has not made the requisite showing. Accordingly, the court **denies** a certificate of

appealability.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

September 20, 2010.

**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**